## SCHWERTNER v. HANKE. (No. 7308.)

Court of Civil Appeals of Texas. Austin.
Jan. 3, 1929.

Paul V. Harrell, of Cross Plains, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

BAUGH, J. Adolph Hanke sued Joseph Schwertner and others in trespass to try title to certain lands in Coleman county, and to cancel oil and gas leases thereon executed by him to Schwertner. From a judgment in his favor against all defendants, Schwertner alone has appealed.

Hanke executed and delivered to Schwertner, for a recited consideration of $1, an oil and gas lease on said lands, dated June 17, 1922, running for a period of five years. This lease did not provide for any rentals, but that same should terminate if no well be commenced on the premises before August 10, 1922, On May 28, 1925, Hanke executed a correction lease to Schwertner on the same lands for a recited consideration of $1, to expire on June 17, 1927, the date of expiration of the first lease, but to remain in force if oil or gas be produced in paying quantities, and provided that lessees pay lessor $236 on or before March 1, 1926, and the same amount each year thereafter during the life of said lease, unless oil or gas be produced in paying quantities. Neither of said leases contained any provision for forfeiture for failure to pay rentals. Appellant paid and the appellee accepted rentals in March, 1925, and 1926. Rental for 1927 was not tendered until March 4th, was then refused, and forfeiture declared by Hanke.

Appellant brings but one proposition, as follows: "In the absence of a clause in a lease contract providing for forfeiture upon the failure to pay annual rentals when due, a forfeiture cannot be enforced."

■ If failure to pay rentals were the only ground of forfeiture in the instant case, a serious question would be presented; but such is not the case. The plaintiffs pleaded fraud in the procurement of said leases, total failure of consideration, and that the rentals received by Hanke were accepted by him only under the assurance of Schwertner that he would immediately thereafter begin drilling a well and prosecute same diligently to a depth of 4,000 feet unless paying oil or gas be found at a lesser depth. The trial court filed his findings of fact and conclusions of law, and these are in no wise attacked by appellant. Among other things, he found that in both the original and the corrective lease the down payment of $1 was never paid, and that the only consideration for their execution was the agreement of Schwertner to drill a well to a depth of 4,000 feet unless pay sand be sooner found; that no such well was ever drilled; that neither oil nor gas was ever produced from said lands in paying quantities; that the rental accepted by Hanke on March 25, 1926, was accepted under the assurance of Schwertner and of his attorney that a prior check for rental had been mailed to Hanke on February 22, but had been lost in the mails, and the further written assurance that he would begin at once the drilling of a well to a depth of 3,600 feet. The court found that but for such assurances Hanke would not have accepted said rentals, and found further that Schwertner had no intention of drilling a well to any such depth; that the consideration for both of said leases, the drilling of a well to a maximum depth of 4,000 feet, had wholly failed.

The conclusions of law were that said leases were, therefore, without consideration and void, and that by the acceptance of rentals, under the circumstances, Hanke did not waive such failure of consideration, but merely thereby granted to Schwertner the privilege of delay or of deferring the payment thereof—that is, the drilling of a well as agreed—during the year for which same were accepted.

■ The further finding of fact of the trial court that appellant had no intention of paying such consideration (drilling such well to 4,000 feet) is also tantamount to a finding of fraud which would authorize the cancellation of said leases. Under these circumstances, the trial court properly canceled the leases and divested appellant of any title to the

lands in question. Hitson v. Gilman (Tex. Civ. App.) 220 S. W. 140; Hickernell v. Gregory (Tex. Civ. App.) 224 S. W. 691. In the latter case Judge Hall, of the Amarillo Court of Civil Appeals, discusses at length the question of consideration for such leases, and reviews numerous authorities on the subject, and we deem it unnecessary to discuss it further here.

The judgment of the trial court is affirmed. Affirmed.